**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>RICE ENTERPRISES, LLC,<br><br>     Debtor. | Bankruptcy No. 23-bk-20556<br><br>Chapter 11 – Subchapter V |
| RICE ENTERPRISES, LLC,<br><br>       Movant,<br><br>  v.<br><br>NO RESPONDENTS. | |

**DECLARATION OF MICHELE RICE IN SUPPORT OF DEBTOR'S
CHAPTER 11 PETITIONS AND FIRST DAY MOTIONS**

Michele Rice, being duly sworn, declares and states, under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

**INTRODUCTION**

1.    I am the Sole Member of Rice Enterprises, LLC (the "Debtor"). In this capacity, I am familiar with the Debtor's day-to-day operations, business, financial affairs, and books and records. I have significant experience in the food and restaurant industries.

2.    I submit this declaration (the "Declaration") in connection with the Debtor's voluntary petition (the "Petition") for relief under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") filed in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") on the date hereof (the "Petition Date") and in support of the motions filed by the Debtor seeking various types

of relief as of the commencement of the bankruptcy case (collectively, the "First Day Motions"), including:

 a. *Expedited Motion for Order to Authorize Payment of Prepetition Wages* [Docket No. 9] (the "Wage Motion");

 b. *Expedited Motion for Order Approving the Continued Use of the Debtor's Bank Accounts and Business Forms* [Docket No. 8] (the "Bank Account Motion");

 c. *Expedited Motion for Order Authorizing the Use of Cash Collateral* [Docket No. 7] (the "Cash Collateral Motion");

 d. *Expedited Application to Employ Trinkle Marakovitz & MacKenzie, P.C. as Accountants to the Debtor and for Authority to Make Partial Payments of Certain Monthly Fees & Expenses in the Ordinary Course of Business* [Docket No. 12] (the "Retention Application").

3. I began my career at McDonald's in 1987 when my parents, James and Edith Rice, purchased their first restaurant in Boston, Massachusetts. I am a second-generation owner operator and have been working in the McDonald's business with my family for 36 years. I have worked through all levels of management and supervisory positions and have been an approved McDonald's owner operator since 2003. Throughout my career have won numerous awards for Outstanding Manager and Outstanding Restaurant in my region as well as Pittsburgh Courier Women of Excellence Award, Community Service Award, and the Pittsburgh Times Largest Minority Owned Company.

4. Except as otherwise indicated, all facts set forth in this declaration are based on my personal knowledge and knowledge that I have acquired from those who report to me, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the facts herein. If called upon to testify, I could and would testify competently to the facts set forth herein. I am duly authorized to submit this declaration.

## BACKGROUND

5. The Debtor is a limited liability company formed under the laws of the State of Pennsylvania with its principal place of business located at 5415 Clairton Blvd. Pittsburgh, Pennsylvania 15236.

6. The Debtor operates eight (8) McDonald's restaurants (the "Restaurants") located throughout western Pennsylvania.

7. The Debtor currently employs approximately 435 employees.

8. Copy of the written consent authorizing the filing of this Chapter 11 bankruptcy case of the Debtor is attached to the Petition and is incorporated herein by reference.

9. The Debtor commenced the above-captioned bankruptcy case to preserve its most valuable assets – the franchise agreements and leases – and to restructure its debt obligations, provide breathing space, time to reduce litigation expenses, and maximize the value of its estate for all creditors and interests.

10. The Debtor expects to promptly file a plan that will pay all allowed claims in full.

11. In order to accomplish this goal, the Debtor must obtain the relief sought in its First Day Motions. Specifically,

   a. The Debtor has an imminent need to obtain approval to continue use of existing bank accounts and business forms and cash management systems to ensure a seamless transition into its role as debtor-in-possession;

   b. The Debtor must be able to pay pre-petition wages to its employee in order to avoid any disruption to the Debtor's ongoing operations;

   c. The Debtor has an imminent need to obtain approval for use of cash collateral to avoid any disruption to the Debtor's ongoing operations;

    d. The Debtor has need for legal representation and requests the approval of Bernstein-Burkley, P.C. as counsel to the Debtor during these bankruptcy proceedings.

    e. The Debtor has need for accounting and financial services and requests the approval of Trinkle Marakovits & MacKenzie, P.C., as accountants to the Debtor during these bankruptcy proceedings.

12. The First Day Motions filed by the Debtor seeks relief that the Debtor believes is necessary and critical to the efficient administration of its estate and minimize the disruption of ongoing operations and loss of value and keep approximately 435 jobs intact.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Date: March 16, 2023

*/s/ Michele Rice*
Michele Rice
Sole Member of Rice Enterprises LLC