IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

RICE ENTERPRISES, LLC,

   Debtor.

Case Number: 23-20556-CMB

Chapter 11

---

RICE ENTERPRISES, LLC,

   Movant,

      v.

NO RESPONDENT.

<u>Hearing Date & Time</u>:
March 21, 2023 at 1:30 p.m.

<u>Response Deadline</u>:
March 21, 2023 at
12:00 p.m.

**OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE TO
CERTAIN OF DEBTOR'S FIRST DAY MOTIONS**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("United States Trustee"), by and through his undersigned counsel, submits this omnibus objection (the "Omnibus Objection") to the first-day motions filed by debtor Rice Enterprises, LLC (the "Debtor"). The first day motions are referred to collectively hereafter as the "First Day Motions", or individually, as set forth below:

- *Expedited Motion for Order to Authorize Payment of Prepetition Wages* [Docket No. 9] (the "Wage Motion").

- *Expedited Motion for Order Approving the Continued Use of the Debtor's Bank Accounts and Business Forms* [Docket No. 8] (the "Cash Management Motion").

- *Expedited Application to Employ Trinkle Marakovitz & MacKenzie, P.C. as Accountants to the Debtor and for Authority to Make Partial Payments of Certain Monthly Fees & Expenses in the Ordinary Course of Business* [Docket No. 12] (the "Retention Application").

The United Trustee takes no position with respect to the *Expedited Motion for Order Authorizing the Use of Cash Collateral* [Docket No. 7] (the "Cash Collateral Motion") because the United States Trustee believes the proposed order will be modified based upon Debtor's negotiations with its lender. However, the United States Trustee reserves all rights to object to any revised order proposed to the Court.

## JURISDICTION

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The United States Trustee files the objection pursuant to 28 U.S.C. § 586(a)(3), Fed. R. Bankr. P. 1017(f) and 11 U.S.C. § 1112(b).

4. The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

## FACTUAL HISTORY

5. On March 15, 2023 (the "Petition Date"), the Debtor commenced its voluntary case under Chapter 11 of the United States Bankruptcy Code. *See* Docket No. 1.

6. To date, the Debtor has not filed the required Schedules and Statements, including Schedule A/B, Schedule D, Schedule E/F, and the Statement of Financial Affairs. *See* Bankruptcy Docket, *generally*.

7. The United States Trustee has not yet conducted the Initial Debtor Interview and has requested that the meeting of creditors be scheduled for April 10, 2023, at 10:00 a.m.

8. The Debtor filed the First Day Motions on March 16, 2023. The hearing on the First Day Motions is March 21, 2023 at 1:30 p.m. The First Day Motions are supported by the declaration of Michele Rice, the sole member of the Debtor. *See* Docket No. 13.

## ARGUMENT

9. Four principles for Courts to consider with regard to first day motions are:

> First, the requested relief should be limited to that which is minimally necessary to maintain the existence of the debtor, until such time as the debtor can affect appropriate notice to creditors and parties in interest. In particular, a first day order should avoid substantive rulings that irrevocably determine the rights of parties.
>
> Second, first day orders must maintain a level of clarity and simplicity sufficient to allow reasonable confidence that an order will effect no unanticipated or untoward consequences.
>
> Third, first day orders are not a device to change the procedural and substantive rights that the Bankruptcy Code and Rules have established. In particular, first day orders should provide no substitute for the procedural and substantive protections of the plan confirmation process.
>
> Fourth, no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code.

*See In re The Colad Group, Inc.*, 324 B.R. 208, 213-14 (Bankr. W.D.N.Y. 2005).

**A.   The Cash Management Motion**

10. As part of the Cash Management Motion, the Debtor seeks (i) authorization to continue to use its cash management system (including the continued use of existing bank accounts existing business forms), and (ii) a waiver of compliance with Section 345 of the Bankruptcy Code. *See* Cash Management Motion, at pp. 5-8 of 9.

11. Bankruptcy Code Section 345(b) protects creditors against the loss of estate

3

funds deposited or invested by debtors. *Cf. In re Columbia Gas Systems Inc.*, 33 F.3d 294, 301 (3d Cir. 1994) ("Ensuring the safety of the bankruptcy funds has been the foremost goal.").

12. Specifically, Section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank. A court may waive the requirements of Section 345 upon the showing of "cause." *See* 11 U.S.C. § 345(b).

13. To ensure compliance with Section 345(b), the United States Trustee has implemented guidelines for debtors in possession regarding bank accounts (the "UST Guidelines"). Among other things, the UST Guidelines require debtors in possession to close their pre-petition bank accounts and provide proof of the establishment of debtor in possession account(s) at an authorized depositary. *See United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession* (Region 3).

14. Authorized depositories have agreed to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (the "UST Manual"), §§ 7-1.1 and 7-1.2, pp. 1-2.[1] Authorized

---

[1] The Manual is available for download at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/ download.

4

depositories have also agreed to make periodic reports so that the United States Trustee can monitor compliance. *See* UST Manual, § 7-1.3.2, p. 6.

15. Here, according to the Cash Management Motion, the Debtor maintains five bank accounts at PNC Bank (an authorized depository in the Western District of Pennsylvania). In addition, the Debtor maintains one bank account at BMO Harris Bank. *See* Cash Management Motion, at p. 3 of 9. BMO Harris Bank is not an authorized depository in the Western District of Pennsylvania.

16. The United States Trustee objects to the Cash Management Motion because the Debtor has failed to meet its burden of showing that a waiver of Section 345(b) is appropriate or necessary. Indeed, the Cash Management Motion contains no information whatsoever regarding how the Debtor's cash management system is operated or integrated. Given the funds in the BMO Harris Bank account, the relief requested in the Cash Management Motion may pose a risk to creditors in contravention of Section 345(b).

17. In contrast, by virtue of the collateralization and reporting requirements imposed on authorized depositories, compliance with the Guidelines will ensure compliance with the requirements of 11 U.S.C. § 345(b).

18. To the extent the Court is inclined to approve the Cash Management Motion, the United States Trustee requests than any Order be granted on an interim basis and contain the following language:

> "To the extent any of the Debtor's Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the United States Trustee requirements or guidelines, the Debtor shall have until April 17, 2023 to come into compliance with section 345(b) of the Bankruptcy Code and any of the United States Trustee's requirements or guidelines. Compliance measures shall include: (i) ensuring that all accounts held at PNC Bank be designated as "debtor-in-possession" accounts; (ii) funds

held in Debtor's account at BMO Harris Bank shall be swept daily into Debtor's PNC Bank account to ensure proper collateralization of estate funds; and (iii) Debtor shall monitor the estate funds on deposit at BMO Harris Bank and immediately notify the United States Trustee if those funds are expected to exceed the FDIC insurance limit (currently $250,000) in the aggregate. If the aggregate account balance with BMO Harris Bank will approach the FDIC limit, the Debtor must establish a debtor-in-possession account with an institution from the United States Trustee's list of authorized depositories to hold any funds in excess of the FDIC limit."

B. **The Employee Wages Motion**

19. As set forth in the Employee Wages Motion, the Debtor employs approximately 435 employees comprised of both hourly and salaried workers. *See* Employee Wages Motion, at p. 2 of 7. While the Debtor asserts that no employee obligation exceeds the statutory cap of 11 U.S.C. § 507(a)(4) and (5) for each employee, the Debtor does not specify the aggregate amount it is seeking authority to pay each employee.

20. The United States Trustee takes no position on the payment of (i) pre-petition claims of the Debtor's *non-insider* employees[2] that are entitled to priority under Sections 507(a)(4) and 507(a)(5), or (ii) the related payroll taxes, deductions, and withholdings, provided these amounts do not exceed the statutory cap.

---

[2]It is unclear from the Employee Wages Motion whether the Debtor proposes to pay any insiders. Thus, to the extent the motion does seek authorization to pay insiders, the United States Trustee maintains that the Debtor has not demonstrated that such payments are consistent with 11 U.S.C. §§ 503(c)(1) or (3), or that the immediate payment to insiders is necessary to avoid immediate and irreparable harm to the Debtor. *See* Fed. R. Bankr. P. 6003(b); *see also In re Humboldt Creamery, LLC*, 2009 WL 2820552, at *1 (Bankr. N.D. Cal. Apr. 23, 2009) ("The request is governed by Rule 6003(b) of the Federal Rules of Bankruptcy Procedure. This rule does not permit the payment of a claim which arose prepetition for the first 20 days of a bankruptcy unless it is necessary to avoid immediate and irreparable harm.").

21.     However, the United States Trustee opposes any payments on claims that are not entitled to priority status. *See, e.g., In re EcoSmart, Inc.*, 2015 WL 9274245, at *9 (Bankr. C.D. Cal. Dec. 18, 2015) ("[A]bsent the priority status of claims, the courts have not seen justification to allow payment of prepetition claims of so-called 'critical vendors,' and this court will follow such examples and require Debtor to demonstrate that the priority status of wage, salary and commission claims of its employees and independent contractors … to warrant immediate payment in advance of general distribution on prepetition claims.").

22.     Thus, before the motion is granted, the Debtor should provide a list of employees (along with their titles) that they are proposing to pay, along with the proposed payments.

C.     **Application to Retain Trinkle Marakovits & MacKenzie, P.C., as Accountants**

23.     Debtor seeks authority, on an expedited basis, to retain Trinkle Marakovits & MacKenzie, P.C. ("TM&M") as accountants to the Debtor. Debtor also seeks authority to pay TM&M a flat monthly fee of $5,280 per month, without further application or court approval. *See* Retention Application, at pp. 2-3 of 4.

24.     The United States Trustee objects to retention of TM&M on an expedited basis. As stated above, first day relief should be limited to those matters which are necessary to maintain the existence of the debtor, until the debtor can provide sufficient notice to creditors. *See In re The Colad Group, Inc.*, 324 B.R. at 213-14. The Debtor has not demonstrated why retention of TM&M on expedited basis is critical to the existence of the Debtor. This is particularly true because professional retentions routinely relate back to the date that an application is filed. There is no need to have an order entered as part of the Debtor's first day relief.

7

25. Further, while the United States Trustee does not necessarily object to compensating TM&M based upon a flat monthly fee, the United States Trustee does object to the payment of TM&M without further application or order of the Court. TM&M should be required to file a final fee application at the conclusion of its services. The United States Trustee requests that any order approving TM&M's retention contain the following language:

> "Trinkle Marakovits & MacKenzie, P.C. shall file a final fee application for final allowance of compensation for services and reimbursement of expenses, pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules and any applicable orders of this Court; provided, however, the fee application filed by Trinkle Marakovits & MacKenzie, P.C. shall be subject to review only pursuant to the standard of review set forth in Bankruptcy Code section 328 and not subject to the standard of review set forth in Bankruptcy Code section 330. Notwithstanding the foregoing, the Court, the United States Trustee shall have section 330 review right with respect to Trinkle Marakovits & MacKenzie, P.C. final fee application."

## **CONCLUSION**

In view of the shortened notice provided to creditors and the Debtor's failure to establish a sufficient evidentiary record for the relief sought, the objected to First Day Motions should either be denied in the entirety, denied in part as set forth herein, or any relief granted should be limited for the Debtor to sustain operations. Alternatively, the First Day Motions should be adjourned until a later date. The adjournment would permit parties that were not provided sufficient notice the opportunity to be heard on the First Day Motions. The United States Trustee reserves all his rights with respect to the First Day Motions and any modification thereto.

**WHEREFORE**, the United States Trustee requests the Court to sustain the Omnibus Objection; and grant such other relief as is just under the circumstances.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: */s/ Kate M. Bradley*
Kate M. Bradley, Trial Attorney
OH Bar ID 0074206
Liberty Center, Suite 970
1001 Liberty Ave.
Pittsburgh, Pennsylvania 15222
(412) 644-4716 Telephone
(412) 644-4785 Facsimile
kate.m.bradley@usdoj.gov

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on March 19, 2023, a copy of the *Omnibus Objection of the United States Trustee's Objection to Certain of the Debtor's First Day Motions* was served upon the parties listed below:

Service via Electronic Notification:

Carl E. Black on behalf of McDonald's - ceblack@jonesday.com;

L. Melvin Branch on behalf of BMO Harris Bank, N.A. - Lmelvin.branch@bmo.com

Kirk B. Burkley on behalf of Debtor Rice Enterprises, LLC kburkley@bernsteinlaw.com, pghecf@bernsteinlaw.com;cwirick@bernsteinlaw.com;kburkley@ecf.courtdrive.com;cwirick@ecf.courtdrive.com

William G Krieger wkrieger@gleasonexperts.com, mhanna@GleasonExperts.com Office of the United States Trustee ustpregion03.pi.ecf@usdoj.gov

David W. Ross on behalf of Debtor Rice Enterprises, LLC dross@bernsteinlaw.com, cwirick@bernsteinlaw.com;cwirick@ecf.courtdrive.com

                By: /s/ Kate M. Bradley
                Kate M. Bradley, Trial Attorney
                OH ID 0074206
                Liberty Center, Suite 970
                1001 Liberty Ave.
                Pittsburgh, Pennsylvania 15222
                (412) 644-4716 Telephone
                (412) 644-4785 Facsimile
                kate.m.bradley@usdoj.gov